ERNEST BALLAS,

*vs.*

THE FIRST NATIONAL BANK OF HARRINGTON, a corporation of the United States of America, and ALONOZO T. DICKERSON.

*Kent, March* 19, 1926.

*John B. Hutton*, for complainant.

*Henry Ridgley* and *George M. Fisher, Jr.*, for defendant bank.

THE CHANCELLOR. That there was a demise in this case, and not a mere agreement to let, cannot admit of doubt. *Revised Code* 1915, § 4534.

With respect to demises our law (*Revised Code* 1915, § 4534) provides that:

"No demise, except it be by deed, shall be effectual for a longer term than one year."

This being the provision of the statute, the lease of course is ineffectual except for the period of one year. But the complainant seeks to circumvent the statutory provision by a decree of this court requiring the parties to affix their seals and thus make of the lease a valid demise for five years. He bases his claim to this relief upon the theory that the omission of the seals was due to a mistake which equity will repair by a decree for reformation. While the absence of seals is attributable to a mistake, yet it is a mistake due entirely to ignorance of the general rule of law expressed by the statute. The mistake we are here concerned with is not one of the mere neglect or accidental omission to do an intended thing. It was never intended by the parties to affix their seals.

They considered seals unnecessary. The attestation clause where the witness says "Signed and sealed" is not sufficient to overcome the clear weight of the evidence to the effect that the seals were purposely omitted. The instrument therefore which the parties signed is in the precise form which they intended. Whatever the prior parol understanding might have been, the fact is that when the parties undertook to reduce it to writing, the contract which they put down on paper was one which the law said was ineffectual beyond one year. If the language which on the face of an invalid instrument assumes to create a longer term than one year can be allowed in equity the probative effect of showing such a mistake as justifies a decree ordering seals to be affixed, it is apparent that the rule of the statute will be entirely neutralized. In any case where terms longer than one year are sought to be created by leases under hand only, all that any party thereto need do in case his adversary threatens to rely on the statutory effect of the lease, would be to file a bill in equity to reform the instrument and secure a temporary injunction pending the suit. Thus the statute would in effect be destroyed.

In the English courts cases may be found where in a situation somewhat similar to that with which we are here concerned, the document, though ineffectual as a lease under the *Statute of* 8 and 9 *Vict. c.* 106, has been treated as an agreement to make a lease, and being so treated equity has decreed a specific performance thereof by ordering a lease in proper form to be delivered. A decision by Lord Chancellor Chelmsford in *Parker v. Taswell*, 2 *De G. & J.* 559, is to that effect. It is to be observed, however, that in so deciding, the Lord Chancellor noted what he called the cautious and guarded language of the English statute which used the expression "shall be void at law," and then said that if the Legislature had intended to deprive the document of all efficacy, it would have said that the instrument should be "void to all intents and purposes." I take this to be the true reason upon which he based his view that such instruments as he had before him might be regarded as agreements to enter into a lease and as such specifically performed. Of course our own statute contains no such language as the English statute from which an inference can be drawn that the rule was intended to be confined to law courts and not to be

observed in Chancery. Notwithstanding the peculiarity of the English statute upon which Lord Chelmsford rested his decision, Vaughan Williams, L. J., in the later case of *Zimbler v. Abrahams*, in the Court of Appeal, reported in *L. R.* [1903] 1 *K. B.* 557, in commenting upon the case of *Parker v. Taswell, supra,* regarded its ruling on the present point with some doubt. He said:

"It is not material to state whether I approve of those decisions or not, though I must say that I feel strongly that the résult of Lord Chelmsford's decision is to neutralize the effect of the *Statute of 8 and 9 Vict. c.* 106."

In the instant case the statute does not avoid the lease entirely. It cuts it down to a one-year term. It is just as though the parties had written one year into the lease instead of five. All the evidence *aliunde* the instrument itself by which it is sought to create a five-year term lies in parol. No competent evidence outside of the document appears anywhere upon which to base a decree for a lease different in terms from what the positive rule of the statute discloses this one to be. As for the internal evidence contained in the document itself, I do not see how any court can accord to it a significance contrary to what the statute ascribes.

The complainant has cited cases in which courts have compelled seals to be affixed to various instruments. But they are cases where a distinct and well-recognized equity exists in favor of the party seeking the relief, as where one either pays for or lends money on the security of land and receives a defective deed or mortgage to which the seal was intended to be affixed, but was omitted by inadvertence. Other cases cited by the complainant are cases where from the instrument itself the seal was clearly intended to be affixed to a bond and by mere accident was left off. In none of the cases cited by the complainant was there a statute similar or in any wise analogous to the one we have here. My own investigation has failed to disclose any decision to the effect that in the face of such a statute, the relief of reformation may be granted where no equity exists beyond the claimed one of ignorance concerning the meaning which the general rule of law, clearly expressed by the statute, ascribes to the instrument intended by the parties to be executed.

The claim of the complainant that he expended certain large sums of money in altering the premises to meet his needs as ten-

ant, if otherwise allowable as raising an equity in his favor, cannot do so here for the reason, if for no other, that the expenditures were made after he received notice from the bank that it required possession at the end of the year.

A preliminary injunction will be denied and the rule discharged. Let an order be entered accordingly.